IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-60-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHRISTOPHER VANN, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court *sua sponte*, pursuant to 18 U.S.C. § 4241(a), concerning defendant's mental competency. Defendant appeared before the court today for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain him pending trial. Today and at his initial appearance on 22 October 2012 (*see* Min. E. at D.E. 6), defendant wore a helmet, was seated in a wheelchair, and had an arm splint. At the initial appearance, he was not able to communicate with the court. The court inquired of defense counsel at the opening of today's proceeding whether he had been able to communicate with defendant and counsel stated that he had not. The pretrial services report (D.E. 11) states that, according to case agents, defendant received a gunshot wound to the head during an alleged burglary. (*Id.* 2). The pretrial services report states that defendant was unable to speak or otherwise communicate with the probation officer who attempted to interview him for purposes of appointment of counsel. (*Id.*).

Based on the court's observation of defendant, the statement of defendant's counsel, and the information in the pretrial services report, and without objection by either party, the court found in open court and hereby reiterates that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. *See* 18 U.S.C. § 4241(a). Given

defendant's apparent inability to communicate, the court was unable to rule out the possibility that, as a result of his head injury or otherwise, defendant is unable to understand the nature and consequences of the proceeding against him. *See id.*

IT IS THEREFORE ORDERED as follows:

1.     Defendant shall be examined by at least one qualified psychiatrist or psychologist under the provisions of 18 U.S.C. § 4241(b) and § 4247(b) and (c) to determine if he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2.     Defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility for purposes of the examination. Defendant shall remain in the custody until his release is ordered by this court.

3.     The court recommends that defendant be placed at FMC-Butner because of its proximity to defendant's counsel and family. Defendant's counsel noted at today's hearing that proximity to family members is important because defendant forgets who they are in the absence of regular visits.

4.     Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. Reports on the examination shall be prepared, served, and filed in accordance with 18 U.S.C. § 4247(c). A copy of the report shall be sent directly to the chambers of the undersigned Magistrate Judge at the time of service and filing.

6. Further court proceedings in this case, including the hearing on the government's detention motion referenced above, are continued pending order of the court after resolution of the competency issue.

7. The delay that results from the examination and continuance provided for herein shall be excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A) on the grounds that the ends of justice served by granting such relief outweigh the interests of the public and defendant in a speedy trial.

8. No later than 8 November 2012, counsel shall file a joint report on the status of defendant's placement and evaluation. The memorandum shall include: the identity of the facility at which defendant has been placed for the evaluation; the expected date of completion of the evaluation if not already completed (to the extent reasonably obtainable) or, if completed, the date of completion; and if not already submitted to the court, the expected date of submission of the report on the evaluation (to the extent reasonably obtainable).

9. No later than 6 December 2012, counsel shall file another joint report on the status of defendant's placement and evaluation, which shall include the same information required in the preceding paragraph.

SO ORDERED, this the 25th day of October 2012.

James E. Gates
United States Magistrate Judge