UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-cr-00060-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHRISTOPHER VANN ) | |

On October 25, 2012, United States Magistrate Judge, James E. Gates, found reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense, in accordance with 18 U.S.C. § 4241(a) and ordered that the Defendant be examined by a qualified psychiatrist or psychiatrists under the provisions of 18 U.S.C. § 4241 to determine whether the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense. Based upon the Forensic Psychological Report received on April 11, 2013, I found by a preponderance of the evidence that the Defendant is currently suffering from a mental defect rendering him mentally incompetent to the extent

that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense. I therefore ordered on May 8, 2013, that the Defendant be hospitalized for treatment in a suitable facility for a reasonable time not to exceed sixty (60) days for the purpose of determining whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed pursuant to 18 U.S.C. § 4241(d).

The Court received the Defendant's Forensic Report, signed by Dr. Robert G. Lucking, staff Psychiatrist and Dr. Angela Walden-Weaver, Staff Psychologist on August 2, 2013 concluding that the Defendant is unable to understand the nature and consequences of the proceedings against him and is unable to assist properly in his defense. This is a permanent condition and his status is unlikely to change appreciably in the future.

On August 23, 2013, the Defendant, by and through his attorney, Raymond C. Tarlton, and the United States, by and through Assistant U.S. Attorney, Denise Walker, in open court announced that there are no objections to the Forensic Report of Drs. Lucking and Walden-Weaver. Mr. Tarlton and Ms. Walker further agreed that the report would be the only evidence offered for a determination of whether the Defendant could be restored to competency under 42 U.S.C. § 4241. As a result of Dr. Lucking's conclusion that the Defendant has not been

restored to competency and is not likely to be restored to competency to proceed in the foreseeable future, the Government made an oral motion to commit the defendant for further evaluation pursuant to the provisions of 18 U.S.C. § 4241(d) and 18 U.S.C. § 4246.

Upon careful review of the evidence presented to this Court, I find that the Defendant's mental condition has not so improved as to permit the trial to proceed and that there is not a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the trial to proceed.

It is therefore ORDERED that pursuant to the final provision of 18 U.S.C. § 4241(d), that the Defendant be committed to the custody of the Attorney General or authorized representative for further evaluations and, if appropriate, proceedings under 18 U.S.C. § 4246.

So ORDERED and SIGNED, this 23 day of August, 2013.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE